ROBERT COLIN and Another, Copartners Doing Business under the Firm Name and Style of COLIN BROS., Appellants, *v.* HAMILTON FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Respondent.

First Department, March 1, 1929.

*David Goldstein* of counsel [*Thomas G. Frost* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellants.

*Martin A. Schenck* of counsel [*William J. Carr* with him on the brief; *Davies, Auerbach & Cornell*, attorneys], for the respondent.

McAvoy, J. Judgment was rendered here in favor of the defendant on a trial without a jury.

The action is upon a policy of fire insurance in the sum of $7,500 which insured property against loss by fire on premises described as follows: " On the brick building or buildings, extensions and additions thereto situate 55 Spring Street, Monticello, Sullivan County, N. Y., and known as 95/96 Spring Street.

" Loss if any, payable to assured."

The policy then set out a clause which indicated that it was intended to cover fixtures contained in the buildings, such as boilers, engines, pumps, dynamos and other machinery and the usual heating and plumbing fixtures; electric plant, equipment, fuel supplies and on outbuildings not specifically insured, and including in its provisions this clause: " it being the true intent of this policy to cover everything pertaining to the service of, or belonging to the above-mentioned building or buildings, additions and extensions thereto, including architect's fees for plans, specifications and supervision of construction."

The plaintiff sustained a loss by fire which occurred during the period the policy was in effect in the amount of $52,000 and over.

The defense may be outlined as declaring that because the fire destroyed frame buildings as well as a brick building, the policy could not be considered as covering the loss; and it is also asserted in defense that plaintiffs, when they made application for the policy, represented to the insurance company that the insured buildings were occupied and were brick buildings; that they relied upon this representation and issued their policy accordingly, and

that, contrary to this representation of the building, plaintiffs induced defendant to insure for their benefit a building which was not of brick, but a frame building which it asserts it did not insure and would not have insured.

We think a true construction of the policy of insurance, having in view the intent described in the policy to cover everything pertaining to the services of or belonging to the buildings, their additions and extensions, would cover any loss by fire on a brick building, and such extensions and additions as it had, whether the same were of brick or of frame structure. The primary purpose of the insurance was to cover this plant. It may be assumed that if no brick building was situated thereon, the defendant would not be liable, since a misdescription would doubtless have been the effect of the quoted clause. But there being a brick building situated at the designated locality named in the policy with extensions and additions thereto, it cannot be held that the insured represented or warranted by these words that all buildings located in the place named in the policy were brick, whether they were additions, extensions or otherwise. It is admitted that the entire group of buildings covered by the policy were of frame construction, with the exception of what is called the main building, which was concededly of brick construction.

There is no basis for a holding that there was a representation on the face of the policy, in effect, that the extensions and additions to the main building were brick structures similar to that of the so-called main building. If there was no representation by the policy's words that the extensions were of brick, there could be no misrepresentation inducing the issuance of the policy and the defense of misrepresentation would thus fall. But defendant was permitted to introduce evidence of alleged misrepresentation by means of oral proof. We think this was error which resulted in admission of testimony as to what was said between plaintiff's insurance broker and defendant's agents at the time the policy in suit was issued. The evidence was objected to upon the ground that any conversation between the witness, defendant's agent and plaintiff's broker, concerning the insurance would tend to vary the terms of the instrument in writing upon which suit was based, and besides it was sought to exclude this proof because the policy contained a clause which stipulated that material representations " made by or for the insured of facts and circumstances concerning this insurance are so indicated hereon and that none other shall be claimed to have been made." The testimony in this respect is as follows: " Mr. Greissman again submitted to me the risk of Colin Bros. and stated the risk was not vacant. And I said to

him at that time, ' Irrespective of whether or not the risk is vacant, if it is frame risk we won't write it.' * * * Q. And what did he say then? A. He said that he had been in touch with his assured and his assured informed him that the buildings were brick, and that the risk was brick, and under the circumstances we wrote the line."

In view of the clause upon which the objection was made that material representations concerning this insurance would be indicated on the policy and that none others would be claimed to have been made, we think that the parol evidence with respect to what was said at the time the policy was issued is inadmissible to show that the warranties contained in the verbal application were different from those set forth in the policy itself.

We hold, under the terms of this clause of the policy as well as under the general rule of evidence, excluding parol conversations tending to vary a written instrument's provision, that no oral statements to whomsoever made can be received so as to effectually modify the policy contract and thus affect the rights of the insured. Nor was this evidence admissible upon the ground that the insurance company was endeavoring to vitiate the policy because of fraud in its inception. There is no fraud alleged in the answer. Only material misrepresentation is set out. Nor was it alleged that the premium was tendered back and rescission demanded of the policy because of fraud inducing the issuance. As supporting the construction that this policy covered a brick building and any extensions or additions, whether of frame or brick, operated as a unit therewith, the proof shows that for the risk taken, the premium charged coincides in amount with that which would have been paid had the defendant known the structures were of frame.

We conclude, therefore, that the judgment should be reversed, with costs, and judgment directed for the plaintiffs for $7,500, the face amount of the policy, which is less than the proven loss, with interest and costs.

Dowling, P. J., and Finch, J., concur; Martin and O'Malley, JJ., dissent.

O'Malley, J. (dissenting). I agree that under the pleadings as they stood it was error for the court to receive oral evidence of misrepresentations made prior to the issuance of the policy with respect to the nature of the risk insured. I dissent, however, from the view that the policy itself did not contain express representation that the risk covered brick structures. The evidence discloses that all buildings were frame with the exception of an isolated structure, formerly used as a power plant in connection with a tannery, but

which, at the time of the issuance of the policy and at the time of the loss was not in use and was partially dismantled. The property insured was described as " situate 55 Spring Street, * * * and known as 95/96 Spring Street." The brick building in question did not front on Spring Street and no part thereof could be seen from the main entrance to the property, except the smoke-stack. The evidence shows that more than seven-eighths of all the buildings covered were frame and not brick and that the only part of the plant used by the plaintiff in its business was a single frame building which was in no way connected with the isolated brick structure referred to.

In these circumstances it seems to me that when the policy described the risk as " brick building or buildings, extensions and additions thereto," there was contained in this language a representation that the property covered was of brick. In this view, it is immaterial that the evidence already referred to was improperly admitted. The trial was before the court, the presence of a jury being waived. A new trial would be a useless formality, as plaintiffs cannot succeed upon the facts as shown.

I, therefore, dissent and vote for affirmance.

MARTIN, J., concurs.

Judgment reversed, with costs, and judgment directed in favor of plaintiffs for $7,500, with interest and costs.